IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARANDA L. CARPITCHER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-90-GLJ |
| ) | |
| KILOLO KIJAKAZI, ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |

## Order

Plaintiff Maranda Carpitcher filed this action on March 10, 2023 [Docket Nos. 1-2]. Before the Court is Plaintiff's Response to Order to Show Cause [Docket No. 12] regarding her failure to file the Opening Brief in this case. For the reasons set forth below, Plaintiff is hereby granted an extension of time to Friday, October 20, 2023, to file the Opening Brief in this case. Defendant's Response Brief is due within thirty days, or by Monday, November 20. Any Reply Brief is due Tuesday, December 5, 2023. *See* Supp. Rules for Soc. Sec. 6-8.

### Procedural History

Plaintiff filed her Complaint on March 10, 2023 [Docket Nos. 1-2]. On April 24, 2023, the Government filed the Administrative Transcript in this case [Docket No. 8], and the Court entered a minute order [Docket No. 9] setting the briefing schedule in this case. Plaintiff's Opening Brief was due May 24, 2023, and the Response Brief was due thirty

days thereafter, with any Reply brief due fourteen days from the date the Response Brief was filed. By September 19, 2023, Plaintiff had not filed her Opening Brief.

As a result of this delay, the Court entered a minute order on September 19, 2023, directing Plaintiff to show cause for her failure to prosecute. That same day, Plaintiff filed her Response, indicating that she was unaware the Transcript and Briefing Schedule [Docket No. 8-9] had been entered in this case, that she did not receive email notification of such, and that an oversight caused her failure to follow up on the Transcript and briefing schedule. The Court's docket reflects that Docket Nos. 8-9 were both emailed to Plaintiff's CM-ECF email as well as three other emails on file for her office. Plaintiff's Response, actually a two-part motion, *see* Loc. Civ. R. 7.1(b) ("Each motion, application, or objection filed shall be a separate pleading[.]"), further requests the court find good cause under Fed. R. Civ. P. 6(b), and grant her a sixty-day extension of time (in addition to the over 118 days that have passed since the deadline) to file her Opening Brief.

## Review

Under Fed. R. Civ. P. 6(b)(1), "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff asserts that she searched "pertinent email in-boxes," but found no email notifications regarding the filing of the Transcript of the Briefing Schedule. Furthermore, she claims an oversight occurred in failing to calendar the expected due date of the transcript and therefore she had no reminder to follow up on this case. She contends this is sufficient for mistake, inadvertence, and/or excusable neglect.

"[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Secs. Laws Litig.*, 493 F.2d 1288, 1291 (10th Cir. 1974).  To determine whether the neglect is "excusable," the court must "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  In this analysis, "clients must be held liable for the acts and omissions of their attorneys," *id.* at 396, and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect," *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).  This analysis "'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

Here, there is no apparent danger of prejudice to the non-moving party created by Plaintiff's delay in filing the Opening Brief, weighing the first factor in favor of excusable neglect.  The nearly four-month delay will unduly slow the judicial proceedings and has also diverted the Court's attention from other matters, weighing the second factor slightly against excusable neglect.  Additionally, there is no evidence related to the issue of good faith on the part of Plaintiff's Counsel, making the fourth factor neutral.

As to the third factor, the reason for delay was entirely within the control of Plaintiff's counsel. "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable[.]" *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). The Court must acknowledge, however, that "a mistake . . . could occur in any [attorney's] office, no matter how well run." *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988). "A court may [therefore] take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005). Here, the Court is familiar with Counsel's Social Security practice in this Court and notes that the circumstances in this case appear to be more akin to an unintentional incident and not a pattern of deliberate dilatoriness and delay. Additionally, Plaintiff's counsel responded to the Court's Show Cause Order the day it was entered, rather than waiting for the expiration of the deadline seven days later. This factor thus weighs slightly in favor of excusable neglect.

Because the factors weigh slightly in favor of excusable neglect, the Court finds Plaintiff has sufficiently responded to the Show Cause Order, and there is no need for sanctions at this time. However, Plaintiff is on notice that any further delay in this case could result in dismissal, a fine, or some other combination of sanctions. *See Kimberly A. D. v. Kijakazi*,[1] 2021 WL 8441206, at *5 (N.D. Okla. Nov. 19, 2021) ("A court may also

---

[1] In *Kimberly A.D.*, the Court declined dismissal, noting that such would effectively be with prejudice in light of the statute of limitations, instead imposing a fine payable to the Tulsa County

impose a monetary sanction to account for its own time expended in dealing with unnecessary matters.") (*citing Royalty Petroleum Co. v. Arkla, Inc.*, 129 F.R.D. 674, 685 (W.D. Okla. 1990) (imposing monetary sanction of 4 hours for $600/hour for Court time spent and resulting Court hearings).

## Conclusion

Accordingly, Plaintiff is hereby granted an extension of time to Friday, October 20, 2023, to file the Opening Brief in this case. Defendant's Response Brief is due within thirty days, or by Monday, November 20. Any Reply Brief is due Tuesday, December 5, 2023. *See* Supp. Rules for Soc. Sec. 6-8 (thirty days each for the Opening and Response Briefs, fourteen days for optional Reply Brief). Plaintiff will be given no further extensions absent extraordinary circumstances.

**DATED** this 20th day of September, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

---

Bar Association as well as completion of an Oklahoma CLE course, "Task, Goal, & Deadline Management: How to Better Manage Your Workload." 2021 WL 8841206, at *5.